**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 24-144 (LLA) |
| DEANGELO LORENZO LEWIS, | |
| *Defendant*. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Defendant Deangelo Lorenzo Lewis's Motion for Institution of Conditions of Pretrial Release.  ECF No. 22.  On July 23, 2024, the court held a detention hearing and denied Mr. Lewis's motion from the bench.  The court sets forth its reasoning in more detail.

### I.      Background

On October 25, 2023, Mr. Lewis was charged by Criminal Complaint and on March 21, 2024, he was indicted on three counts: Unlawful Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1); and Using, Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Mr. Lewis is currently detained pending trial.  In light of pending detainers from other jurisdictions, he conceded detention on November 2, 2023, but later sought a change from that status quo.  The court held a detention hearing on July 23, 2024, where the government argued for Mr. Lewis's continued detention, while Mr. Lewis argued for his release into the High-Intensity Supervision Program.  At the conclusion of the detention hearing, the court denied Mr. Lewis's

motion, concluding that the factors under the Bail Reform Act weighed in favor of his continued pretrial detention.

## II.     Legal Standard

Under the Bail Reform Act, the presumption is that an individual should be released pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see United States v. Salerno*, 481 U.S. 739, 755 (1987).  The government must establish by a preponderance of the evidence that the defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996), and by clear and convincing evidence that the defendant is a danger to the community, *United States v. Munchel*, 991 F.3d 1273, 1279-80 (D.C. Cir. 2021).

"That default is modified, however, for certain[] particularly dangerous defendants." *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).  A rebuttable presumption applies that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if . . . there is probable cause to believe that the person committed" one of several listed crimes.  18 U.S.C. § 3142(e)(3).  Possessing a Firearm in Furtherance of a Drug Trafficking Offense, 18 U.S.C. § 924(c)(1)(A)(i), is one of those crimes; thus, the rebuttable presumption applies to Mr. Lewis.  "The presumption operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

In determining whether the government has met its burden of persuasion, the court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence

against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

### III.    Discussion

The court denies Mr. Lewis's motion because no conditions of pretrial release "will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  All four factors under Section 3142(g) weigh in favor of Mr. Lewis's continued pretrial detention.

### A.    Nature and Circumstances of the Offense

According to the government's proffer, on October 3, 2022, Deputy United States Marshals ("DUSMs") developed information that Mr. Lewis, who had multiple active warrants for his arrests, would be located at 2425 17th Street, NW, Apt. #214, in Washington, D.C.  ECF No. 1-1 ¶4.  Upon reaching the apartment, the DUSMs knocked on its door and announced, "this is police with a warrant come to the door."  *Id*.  A male voice responded to "hold on," but after several minutes of no response, the DUSMs re-announced their presence.  *Id.*

The DUSMs stationed outside the building saw Mr. Lewis attempting to flee the apartment through a balcony.  *Id.*  When "challenged" by them, Mr. Lewis re-entered the apartment.  *Id.*  The DUSMs then breached the door, entered the apartment, and took Mr. Lewis into custody.  *Id.*

While performing a security sweep of the apartment, the DUSMs saw, in plain view, a Cannon VersaCheck printer, computers, multiple bank cards not in Mr. Lewis's name, a Maryland driver's license not in his name, blank check stock commonly used for counterfeit checks, marijuana, and narcotics packaging material.  *Id.* ¶5.  The items were consistent with charges contained in one of the arrest warrants issued for Mr. Lewis.  *Id.*

3

Later that day, a D.C. Superior Court judge signed a search warrant authorizing a search of the apartment. *Id.* ¶7. During the search, the DUSMs discovered twenty-four ounces of marijuana contained within multiple plastic bags, a digital scale, and dozens of small mylar bags consistent with the distribution of marijuana. *Id.* ¶7a. Inside a black backpack, they found a Century Arms Micro Draco 7.62 x 39mm semi-automatic assault pistol and two handgun magazines chambered for 9mm ammunition. *Id.* ¶7b. The firearm was loaded with one round of 7.62 x 39mm ammunition in the chamber and twenty-four rounds of 7.62 x 39mm ammunition in the magazine. *Id.*

The court finds that the nature and circumstances weigh in favor of detention. The evidence suggests that Mr. Lewis possessed the firearm while potentially selling marijuana. Other judges in this district have found that the combination of illegal drug distribution and the possession of firearms, magazines, and rounds of ammunition "present[] a serious danger to the community." *Taylor*, 289 F. Supp. 3d at 64. While the court acknowledged at the hearing that this factor was not dispositive, it does weigh in favor of pretrial detention.

## B.    Weight of the Evidence

There is strong evidence that Mr. Lewis constructively possessed a loaded firearm, marijuana, and distribution supplies because they were found in his apartment on October 3, 2023. Furthermore, an Instagram video shows him removing the same firearm from the same black backpack found in his apartment. Additional evidence, including CCTV video, links him to the backpack where the firearm and ammunition were found.

The court finds that the evidence supports the charges against Mr. Lewis. Accordingly, this factor weighs in favor of pretrial detention.

### C.    History and Characteristics of the Defendant

When considering defendant's history and characteristics, the court considers, among other things, "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history." *Taylor*, 289 F. Supp. 3d at 69.

Mr. Lewis has a notable criminal history marked by repeated offenses.  He has been convicted or accused of possessing a firearm in three other criminal cases.  Mr. Lewis also has three currently pending criminal cases in different jurisdictions.

Furthermore, Mr. Lewis has a history of failing to comply with court orders.  While on personal recognizance in his currently pending D.C. Superior Court matter, Mr. Lewis was arrested in three subsequent cases.  He also has failed to appear for court in one of his cases, resulting in a bench warrant for his arrest.  Additionally, he has attempted to flee arrest on two occasions.  In connection with this case, Mr. Lewis tried to flee his apartment through the balcony while the DUSMs were at the front door.

Given Mr. Lewis's past conduct, but specifically his conduct while on release on his pending charges, this court has no confidence that any combination of release conditions can adequately deter Mr. Lewis from committing another dangerous offense on pretrial release.  Accordingly, this factor also weighs in favor of detention.

### D.    Dangerousness and Risk of Flight

With respect to nature and seriousness of the danger that would be posed, the court finds that this weighs in favor of pretrial detention.  A rebuttable presumption of danger to the community applies in this case.  Because Mr. Lewis has made no attempt to rebut the presumption, the strong weight of the evidence only supports the danger posed here.  Mr. Lewis's repeated illegal possession of firearms, as evidenced by current and past charges, underscores a disregard

for the law.  The events of October 3, 2023 and the search revealing contraband occurred while Mr. Lewis was under pretrial supervision, showing that he is unwilling or unable to comply with pretrial terms that are set upon him.  The repeated pattern of behavior suggests a direct and substantial threat to the community.

Furthermore, Mr. Lewis is a flight risk.  As previously explained, he has attempted to evade arrest on two occasions and has failed to appear in court.

## IV.     Conclusion

The court concludes that the government has demonstrated by clear and convincing evidence that Mr. Lewis's release would pose a danger to the community that no combination of release conditions could reasonably mitigate.  The government also has carried its burden in proving that Mr. Lewis is a flight risk by a preponderance of the evidence.

The court further notes, and Mr. Lewis's counsel has confirmed, that Mr. Lewis is currently being detained pending trial in two other cases, so even if the court were to release him on the charges before it, he would remain detained and would not receive credit in this case for any time served between now and the final disposition of this case.

For the foregoing reasons, the court **DENIES** Mr. Lewis's motion for pretrial release, ECF No. 22.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 29, 2024

6