### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DEANGELO LORENZO LEWIS,

*Defendant.*

Criminal Action No. 24-144 (LLA)

### MEMORANDUM OPINION AND ORDER

Defendant Deangelo Lorenzo Lewis moved to suppress evidence produced from the search of his backpack and electronic devices.  ECF No. 24.  During the July 23, 2024 hearing on this motion, the court denied without prejudice the motion as it related to electronic devices, allowing the issue to be re-raised at a subsequent time, and took the portion relating to the search of his backpack under advisement.  Upon consideration of the July 23, 2024 oral argument as well as the relevant briefing, ECF Nos. 24, 29, 32, the court now holds that the items inside the backpack were properly seized under the plain view doctrine.  Accordingly, the court will deny Mr. Lewis's motion.  ECF No. 24.

## I.      Factual Background

On October 3, 2023, Deputy United States Marshals ("DUSMs") developed information that Mr. Lewis, who had multiple active warrants for his arrest, would be located at 2425 17th Street, NW, Apt. #214.  ECF No. 1-1 ¶ 4.  The DUSMs entered the apartment and arrested Mr. Lewis.  *Id.*  While performing a protective security sweep, the DUSMs saw, in plain view, a Cannon VersaCheck printer, computers, multiple bank cards not in Mr. Lewis's name, a Maryland driver's license not in his name, blank check stock commonly used for counterfeit checks, marijuana, and narcotics packaging material.  *Id.* ¶ 5.

Later that day, a D.C. Superior Court judge signed a search warrant authorizing a search of the apartment for "[i]mplements of fraud and related items." *Id.* ¶ 7; ECF No. 34-1, at 1. The search warrant, 2023-CSWLD-3616, did not include any reference to weapons or ammunition. *See generally* ECF No. 34-1. Upon receipt of the warrant, the DUSMs conducted a search of the apartment and discovered, inside a black backpack, a Century Arms Micro Draco 7.62 x 39mm semi-automatic assault pistol and two handgun magazines chambered for 9mm ammunition. *Id.* ¶ 7b. The firearm was loaded with one round of 7.62 x 39mm ammunition in the chamber and twenty-four rounds of 7.62 x 39mm ammunition in the magazine. *Id.*

## II.      Discussion

Mr. Lewis argues that the evidence seized from the backpack must be suppressed because the backpack was not on his person or in his immediate control at the time of his arrest. ECF No. 24, at 5-6. The government counters that the DUSMs did not search the backpack incident to Mr. Lewis's arrest, but rather, while conducting a search of the apartment for evidence of fraud pursuant to a valid search warrant. ECF No. 29, at 8-9. Furthermore, the government contends that while the firearm and magazines were not the subject of the warrant, their seizure was justified under the plain view doctrine. *Id.* at 9.

The Fourth Amendment prohibits law enforcement from conducting "unreasonable searches and seizures," and provides that "no [w]arrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the . . . things to be seized." The plain view doctrine, however, allows warrantless seizure when: (1) the officer who obtained the evidence was lawfully present at the time of the seizure; (2) the item seized was in plain view at the time it was discovered; and (3) the object's incriminating

character was "immediately apparent." *Horton v. California*, 496 U.S. 128, 136-37 (1990) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)).

Here, all three requirements of the plain view doctrine are satisfied. The warrant authorized the DUSMs to search for evidence of fraud in the apartment.[1] In executing the warrant, the DUSMs opened a backpack where such evidence—credit cards, fake identifications, blank check stock, etc.—could have been, and that was where they found the weapon and ammunition. The incriminating character of the pistol and magazines was immediately apparent to the DUSMs, not only because they had knowledge of Mr. Lewis's criminal history, but also because it is not legal to possess a Century Arms Micro Draco 7.62 x 39mm semi-automatic assault pistol in the District of Columbia. *See* D.C. Code § 7-2502.02(a)(6) ("A registration certificate shall not be issued for . . . [a]n assault weapon."); *id.* § 7-2502.01 ("[N]o person . . . in the [District of Columbia] shall possess or control any firearm, unless the person . . . holds a valid registration certificate for the firearm.").

### III.    Conclusion

For the foregoing reasons, the court **DENIES** Mr. Lewis's motion to suppress, ECF No. 24. The firearm and ammunition are admissible at trial.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 29, 2024

---

[1] Because the search was pursuant to a warrant, Mr. Lewis's arguments about a search incident to arrest fail.