UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DEANGELO LORENZO LEWIS,<br><br>*Defendant*. | Criminal Action No. 24-144 (LLA) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Deangelo Lorenzo Lewis's Motion to Sever Count One in the Superseding Indictment from Counts Two Through Four.  ECF No. 54.  For the reasons discussed below, the court **DENIES** Mr. Lewis's motion.

I.     BACKGROUND

In October 2023, Mr. Lewis was charged by criminal complaint.  ECF No. 1.  The affidavit in support of the complaint described several items observed in plain view during the execution of an arrest warrant at his alleged premises.  ECF No. 1-1 ¶ 5.  The paraphernalia included a Canon VersaCheck printer, computers, multiple bank cards and a Maryland driver's license (none of which were in Mr. Lewis's name), blank check stock "commonly used to counterfeit checks," marijuana, and narcotics packing material.  *Id.*  A subsequent search warrant uncovered additional bags of marijuana and several guns.  *Id.* at ¶ 7.

In March 2024, Mr. Lewis was indicted on three counts: Unlawful Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1); and Using, Carrying, and

Possessing a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).  ECF No. 15.

Eight months later, in November 2024, a grand jury returned a four-count Superseding Indictment, which added the charge of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 ("Count One").  ECF No. 52.  As support for Count One, the government alleges in the Superseding Indictment that between August 20, 2023 and October 3, 2023, Mr. Lewis and his co-conspirators "obtained legitimate bank checks, modified them, and then deposited the bank checks at financial institutions."  *Id.* at 2.

On November 23, Mr. Lewis moved to sever Count One of the Superseding Indictment from the other counts.  ECF No. 54.  The United States opposes the motion.  ECF No. 55.

## II.   LEGAL STANDARDS

Rule 8(a) permits joinder of offenses if the "offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  Rule 8 "has generally been construed liberally in favor of joinder."  *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012) (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)).  The "presumption in favor of joinder 'is especially strong where the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve . . . defendants who are charged, *inter alia*, with participating in the same illegal acts.'"  *United States v. McGill*, 815 F.3d 846, 924 (D.C. Cir. 2016) (alteration in original) (quoting *Richardson*, 167 F.3d at 624).  Indeed, joinder of offenses is permitted "even if [the offenses] are entirely unrelated to each other."  *Gooch*, 665 F.3d at 1335 (quoting *United States v. Jackson*, 562 F.2d 789, 796 (D.C. Cir. 1977)).  Evaluating joinder under Rule 8 requires the court to "focus[] solely on the indictment and pre-trial submissions," not "the

2

evidence presented at trial." *Gooch*, 665 F.3d at 1334.  Thus, "the Government need merely allege, not prove, the facts necessary to sustain joinder." *Id.*  However, Rule 8 cannot be stretched to join offenses that are "discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Gooch*, 665 F.3d at 1326 (quoting *Richardson*, 161 F.3d at 733).

Where joinder "appears to prejudice a defendant[,] . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  This Circuit has recognized several kinds of prejudice under Rule 14: "1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; [or] 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Gooch*, 665 F.3d at 1336 (quoting *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968)).  Prejudice may also arise from joinder "when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964).

It is the defendant's burden to show the existence of prejudice.  *United States v. Brown*, 16 F.3d 423, 427 (D.C. Cir. 1994).  A showing of prejudice, however, "does not result in an automatic grant of the motion [to sever]." *Gooch*, 665 F.3d at 1326; *see* Fed. R. Crim. P. 14(a) (directing that "the court *may* order" relief upon finding prejudice (emphasis added)).  Determining whether severance is appropriate remains within the discretion of the district court.  *See* Fed. R. Crim. P. 14(a).  Severance is proper "only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Carson*, 455 F.3d 336, 374 (D.C. Cir. 2006) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  Absent a showing of substantial prejudice, "[d]istrict courts should grant severance sparingly because of the 'strong interests favoring joint trials, particularly the desire to conserve the time of courts,

prosecutors, witnesses, and jurors.'" *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (quoting *United States v. Mardian*, 546 F.2d 973, 979 (D.C. Cir. 1976)).

### III.   DISCUSSION

The court denies Mr. Lewis's motion to sever because he has failed to show that the counts against him are improperly joined or that such joinder prejudices him.

#### A.   Count One was Properly Joined Pursuant to Rule 8(a)

Mr. Lewis argues that the counts against him were improperly joined under Rule 8(a) because "[t]he bank fraud conspiracy bears absolutely no relationship to the marijuana possession charge or the gun charges." ECF No. 54, at 3. Specifically, he contends that the conspiracy count is "not of the same character," "not based on the same act or transaction," not "part of a common scheme[] or plan," and "do[es] not involve common witnesses or common evidence" as the remaining counts. *Id.*

The court disagrees. The United States alleges that Mr. Lewis's discussion of bank fraud via electronic messages occurred "at the same time that he was selling drugs and illegally possessing firearms." ECF No. 55, at 7-8. In fact, in one message exchange, Mr. Lewis states that he sold marijuana to supplement the income that he was earning from "scamming." *Id.* at 8. Based on these intertwined communications, the United States correctly maintains that the "bank fraud offenses provide the motive and necessity for the drug charge." *Id.* at 9. And, in turn, the drug charge provides the motive and necessity for the gun charge, "because the nature of drug distribution is such that firearms are necessary to protect a drug dealer's drugs, cash, and person." *Id.*

Additionally, there is "commonality of proof" between the offenses. *United States v. Wilkins*, 538 F. Supp. 3d 49, 87 (D.D.C. 2021); *see McGill*, 815 F.3d at 924 (explaining that

joinder is proper "where the respective charges require presentation of much the same evidence [and] testimony of the same witnesses"). As the United States explains, the physical and digital evidence underling each count were "seized simultaneously" and will require the same testimony from the law enforcement agents who executed the arrest warrant, wrote the residential search warrant, wrote the digital search warrant, and searched the digital extraction. ECF No. 55, at 8. Given the interconnectedness of the offenses and the overlapping evidence, the counts were properly joined.

### B. Severance Pursuant to Rule 14 is Not Warranted

Mr. Lewis argues that even if the counts were properly joined under Rule 8(a), the court should sever Count One under Rule 14(a) to avoid prejudice. ECF No. 54, at 5-7. He contends that, absent severance, "the jury will cumulate the evidence of the offenses for which there is no commonality," *id.* at 5, and that he "will be both embarrassed and confounded in having to defend against . . . disconnected evidence," especially if he "want[s] to testify as to the bank conspiracy but not to the marijuana and gun charges," *id.* at 5-6. He additionally asserts that "[t]he only purpose for introducing evidence of separate and distinct criminal acts is to suggest criminal propensity," *id.* at 5, and that, even if introduced for non-propensity purposes, evidence concerning the bank fraud conspiracy charge would be unduly prejudicial, *id.* at 6-7.

Again, the court disagrees. First, there is considerable overlapping evidence for each count, and any potential prejudice could be cured through jury instructions. Next, "the accused's election to testify on some but not all of the charges on trial does not automatically require a severance." *Bradley v. United States*, 433 F.2d 1113, 1122 (D.C. Cir. 1969). Rather, the defendant must "make[] a convincing showing that he has both important testimony to give concerning one count and [a] strong need to refrain from testifying on the other." *Baker v. United States*, 401 F.2d 958,

5

976-77 (D.C. Cir. 1968). Mr. Lewis has not made such a showing, but he may renew his request for severance at trial if he is later able to make such a showing. *See Schaffer v. United States*, 362 U.S. 511, 516 (1960) (explaining that "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear"). Finally, while Federal Rule of Evidence 404(b) prohibits "[e]vidence of any other crime, wrong, or act" to "prove a person's character," Fed. R. Evid. 404(b)(1), such evidence *is* admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," *id.* R. 404(b)(2). Given the United States's allegations that Mr. Lewis "commit[ed] these crimes at the same time," that he "us[ed] the same electronic devices" for the offenses, and that the bank fraud conspiracy "provided the motive and necessity for the [drug crime]," ECF No. 55, at 10, evidence about the bank fraud conspiracy count is admissible under Rule 404(b)(2). To the extent that Mr. Lewis believes that any specific piece of evidence concerning the bank fraud conspiracy is more prejudicial than probative, he may raise an objection under Rule 403 at trial.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Sever, ECF No. 54, is hereby **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   December 2, 2024