UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES<br><br>v.<br><br>DEANGELO LORENZO LEWIS,<br><br>*Defendant*. | Criminal Action No. 24 - 144 (LLA) |

**MEMORANDUM OPINION AND ORDER**

On February 28, 2025, a jury found Deangelo Lorenzo Lewis guilty of three counts—Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349 (Count I); Unlawful Possession with the Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count II); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (Count III). The jury acquitted Mr. Lewis of Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count IV). Mr. Lewis now moves for a new trial, claiming that joinder of Count I with Counts II and III was improper. ECF No. 100, at 5. For the reasons discussed below, the court **DENIES** Mr. Lewis's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

In March 2024, Mr. Lewis was indicted on three counts: Unlawful Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1); and Using,

Carrying, and Possessing a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i).  ECF No. 15.  Eight months later, in November 2024, a grand jury returned a four-count Superseding Indictment, which added the charge of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 (Count I).  ECF No. 52.  As support for Count I, the United States alleged in the Superseding Indictment that between August 20, 2023 and October 3, 2023, Mr. Lewis and his co-conspirators "obtained legitimate bank checks, modified them, and then deposited the bank checks at financial institutions."  *Id.* at 2.

Mr. Lewis filed several pretrial motions, including a motion to sever Count I from Counts II-IV on the grounds that the counts were improperly joined under Federal Rule of Criminal Procedure 8(a) and that Federal Rule of Criminal Procedure 14 mandated severance due to the prejudice of joinder.  ECF No. 54.  On December 2, 2024, the court denied the motion to sever, explaining that Mr. Lewis had failed to show that the counts against him were improperly joined or that he was prejudiced by the joinder.  ECF No. 56.

After a five-day trial in February 2025, a jury convicted Mr. Lewis on Counts I-III and acquitted him on Count IV.  ECF No. 89.  Mr. Lewis now moves for a new trial.  ECF No. 100.  The United States opposes his motion.  ECF No. 101.  The matter is ripe for the court's review.

## II.   LEGAL STANDARDS

### A.   Rule 33

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Courts have "broad discretion in ruling on a motion for a new trial."  *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (citing *Gaither v. United States*, 413 F.2d 1061, 1078 (D.C. Cir. 1969)).  However, a court may grant a motion for new trial "only in those

2

limited circumstances where 'a serious miscarriage of justice may have occurred.'" *Id.* at 208 (quoting *United States v. Rogers*, 918 F.2d 207, 213 (D.C. Cir. 1990)).

### B.     Rule 8(a)

Rule 8(a) permits joinder of offenses if the "offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8 "has generally been construed liberally in favor of joinder." *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012) (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)). The "presumption in favor of joinder 'is especially strong where the respective charges require presentation of much the same evidence [and] testimony of the same witnesses,'" *United States v. McGill*, 815 F.3d 846, 924 (D.C. Cir. 2016) (quoting *Richardson*, 167 F.3d at 624), but joinder of offenses is permitted "even if [the offenses] are entirely unrelated to each other," *Gooch*, 665 F.3d at 1335 (quoting *United States v. Jackson*, 562 F.2d 789, 796 (D.C. Cir. 1977)). However, Rule 8 cannot be stretched to join offenses that are "discrete and dissimilar and which do not constitute parts of a common scheme or plan." *Gooch*, 665 F.3d at 1326 (quoting *Richardson*, 161 F.3d at 733).

Evaluating joinder under Rule 8 requires the court to "focus[] solely on the indictment and pre-trial submissions," not "the evidence presented at trial." *Id.* at 1334. Accordingly, "the Government need merely allege, not prove, the facts necessary to sustain joinder." *Id.*

### C.     Rule 14

Where joinder "appears to prejudice a defendant[,] . . . the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Whereas misjoinder under Rule 8 is determined according to the propriety of joining offenses before trial, severance may be warranted under Rule 14 at all stages of trial [and] the district court has a

continuing duty to sever counts if it finds a risk of prejudice." *Gooch*, 665 F.3d at 1335-36 (quoting *United States v. Carson*, 455 F.3d 336, 372-73 (D.C. Cir. 2006)).  The D.C. Circuit has recognized several kinds of prejudice under Rule 14: "1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; [or] 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Id.* at 1336 (quoting *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968)).

"The defendant carries the burden of demonstrating prejudice resulting from a failure to sever." *Id.*  A showing of prejudice, however, "does not result in an automatic grant of the motion." *Id.* at 1326; *see* Fed. R. Crim. P. 14(a) (directing that "the court *may* order" relief upon finding prejudice (emphasis added)).  Instead, determining whether severance is appropriate remains within the discretion of the district court.  *See* Fed. R. Crim. P. 14(a).  Absent a showing of substantial prejudice, "[d]istrict courts should grant severance sparingly because of the 'strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors.'" *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (quoting *United States v. Mardian*, 546 F.2d 973, 979 (D.C. Cir. 1976)).

### III. DISCUSSION

The court denies Mr. Lewis' motion for new trial because he has failed to show that Count I was improperly joined with Counts II and III or that such joinder prejudiced him.

#### A. Count I was Properly Joined Pursuant to Rule 8(a)

As noted, joinder under Rule 8(a) "is an ex ante, pre-trial consideration." *Gooch*, 665 F.3d at 1334.  After considering the indictment and pre-trial submissions, the court previously concluded that joinder under Rule 8(a) was proper.  ECF No. 56, at 4-5.  The court stands by that

4

analysis. While Mr. Lewis argues that "the trial record establishes that joinder under Rule 8 was improper," ECF No. 100, at 4, consideration of the trial record is not appropriate under Rule 8, *Gooch*, 665 F.3d at 1334; *see United States v. Moore*, 651 F.3d 30, 69 (D.C. Cir. 2011) ("[T]rial evidence cannot render joinder impermissible and is thus irrelevant to our inquiry."). Instead, the court will review the trial evidence in the context of evaluating severance under Rule 14.

### B. Severance Pursuant to Rule 14 is Not Warranted

Mr. Lewis argues that even if joinder of Count I with Counts II and III was permissible under Rule 8(a), "the prejudice which [he] sustained by the joinder of offenses mandated severance." ECF No. 100, at 4. Out the outset, Mr. Lewis does not identify the specific nature of the prejudice but instead obliquely references "the spillover prejudice of having disparate charges tried together." ECF No. 100, at 5. That alone would be sufficient to deny the motion.

But delving further, there is nothing in the trial record to suggest that Mr. Lewis was prejudiced by the joinder of Count I with Counts II and III. First, there was compelling evidence against Mr. Lewis on each of the counts of conviction. At trial, the United States produced physical evidence seized from an apartment connected to Mr. Lewis, which consisted of a firearm and "just shy of 2 pounds of marijuana, the aggregate weight, multiple checks, a printer, a cellular device, laptops[,] as well as check stock." Feb. 25, 2025 Trial Tr. 26:21-24. The United States also relied on digital evidence indicating that Mr. Lewis had committed the charged offenses in tandem. *See, e.g.*, *id.* at 145:19-22 (Deputy U.S. Marshal Tyler Wells reading a text message sent by Mr. Lewis that said "I'm a scammer FR. I sell weed on side."). Second, the evidence of each crime was "simple and distinct." *Gooch*, 665 F.3d at 1337. The law enforcement witnesses testified about the different types of contraband seized during the search, *see, e.g.*, Feb. 25, 2025 Trial Tr. 9:4-77:13 (Deputy U.S. Marshal John Akshar testifying about the search and evidence

5

seized, including a firearm and "just shy of 2 pounds of marijuana, the aggregate weight, multiple checks, a printer, a cellular device, laptops as well as check stock"); *id.* at 92-198 (Deputy U.S. Marshal Tyler Wells explaining Mr. Lewis's acquisition of a stolen identity, "Langley Barth," to lease an apartment where the contraband was found, through the use of a stolen bank account), and Professor James Carton testified only concerning Count I, *id.* at 199-216. Third, the court instructed the jury that "each count is a separate offense," ECF No. 82, at 6, and that the jury needed to reach a unanimous verdict on each count, *id.* at 11; *see Gooch*, 665 F.3d at 1336 (explaining that similar jury instructions "are sufficient to address prejudice"). Finally, the jury deliberated for nearly seven hours before returning a verdict, asked substantive questions as it weighed the evidence, and reached a nuanced verdict reflecting its careful consideration of each separate count. ECF No. 101, at 7; *see* Feb. 27, 2025 Minute Entry; Feb. 28, 2025 Minute Entry; ECF Nos. 85, 87 (Jury Notes); *cf. United States v. Khatallah*, 41 F.4th 608, 642 (D.C. Cir. 2022) (holding that the defendant was not prejudiced by the government's rebuttal after considering "the jury's nuanced verdict and lengthy deliberations" among other things). Accordingly, the court concludes that Mr. Lewis has not demonstrated prejudice from the joinder that would warrant a new trial.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion for New Trial, ECF No. 100, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN

                                                                                  United States District Judge

Date:   June 2, 2025